**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| _____ | ) | |
| Imagination Products Corp., | ) | Case No.: 26-cv-954 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Judge: |
| | ) | |
| JY-Direct, | ) | |
| | ) | Magistrate: |
| Defendant. | ) | |
| _____ | ) | JURY DEMAND |

**COMPLAINT**

Imagination Products Corp. ("Plaintiff") hereby files this Complaint for trademark

infringement and related claims against Defendant JY-Direct, on personal knowledge as to

Plaintiff's own activities and on information and belief as to the activities of others:

**THE PARTIES**

1.    Plaintiff is a corporation formed under the laws of the State of Illinois with a principal

place of business located at 227 West Cedar Street, Chillicothe, Illinois 61523.

2.    Defendant is believed to an unincorporated business association who, upon information

and belief, resides in a foreign jurisdiction, namely China.  The verified names, identities,

and addresses of Defendant are currently unknown.

3.    Defendant conducts its illegal operations through fully interactive commercial product

sales pages hosted on Amazon.com through the below listed store names and Amazon

seller IDs. Defendant infringes Plaintiff's rights by selling and offering for sale orange

colored drain augurs which infringe upon Plaintiff's registered trademark rights.  The

infringing products are listed by ASIN as shown in the following table:

| Store Name | Seller ID | Infringing ASINs |
|---|---|---|
| JY-Direct | ALIQWFIVW7LPR | B0C3L7FKCQ; B0BY28TXC3; B09VK4HNPF |

4.    Defendant targets consumers in the United States, including the State of Illinois, and has offered to sell and has sold and continues to sell infringing products through the above ASINs that violate Plaintiff's intellectual property rights ("Infringing Products") to consumers within the United States, including the State of Illinois and the Northern District of Illinois.  True and accurate copies of listings illustrating Defendant's Infringing Products are attached as Exhibit 2. Defendant has the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

5.    Through the operation of their Amazon store, Defendant offers infringing goods to Illinois consumers and confuses them by using the exact color orange as registered by Plaintiff for their drain augur products.

6.    The infringing products have been shipped into Illinois.

7.    Defendant intentionally conceals its identity and the full scope of its counterfeiting operations in an effort to deter Plaintiff from learning Defendant's true identities and the exact interworking of Defendant's illegal counterfeiting and infringing operations.  The identity of the Defendant is presently unknown.

JURISDICTION AND VENUE

8.    This is an action for trademark counterfeiting and trademark infringement, and unfair competition and false designation or origin arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, et seq., as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (October 12, 1984), the Anti-Counterfeiting Consumer Protection Act of 1996, Pub. L. 104-153 (July 2, 1996), and the Prioritizing Resources and Organization for

Intellectual Property Act of 2007, H.R. 4279 (October 13, 2008) (the "Lanham Act"), and

for unlawful and deceptive acts and practices under the laws of the State of Illinois.

9.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332,

and 1338(a) and (b); and 15 U.S.C. §§ 1116 and 1121l.  This Court has jurisdiction,

pursuant to the principles of supplemental jurisdiction and 28 U.S.C. § 1367, over

Plaintiffs' claims for unlawful and deceptive acts and practices under the laws of the

State of Illinois.

10.   This Court has personal jurisdiction over Defendant in that Defendant transacts business

in the State of Illinois and in the Northern District of Illinois.

11.   Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 in that the Defendant is an

entity or individual subject to personal jurisdiction in this District.  Venue is also proper

in this District because a substantial part of the events or omissions giving rise to the

claims occurred in this District and Defendant directly targets business activities towards

consumers in the State of Illinois.

## BACKGROUND FACTS

12.   Plaintiff is engaged in the business of manufacturing, distributing, and retailing products

configured to remove clogs from drains with use of handheld mechanical force. Plaintiff

sells its products under the name DRAIN WEASEL. Plaintiff employs a specialized trade

dress to identify its products to consumers. This includes utilizing a uniquely identifying

orange color on its products. Plaintiff owns a registered trade dress for that orange color

as applied to "hand operated plumbing snakes" under U.S. Trademark Registration No.

7,923,615 ("Registered Trade Dress"). A true and accurate copy of Plaintiff's registration

is attached as Exhibit 1.

13.     Defendant's sales of products that are similar to Plaintiff's product and utilize Plaintiff's Registered Trade Dress is in violation of Plaintiff's intellectual property rights and are irreparably damaging Plaintiff.

14.     Plaintiff is the owner of all rights, title, and interest in and to the Registered Trade Dress. The registration is valid, subsisting, unrevoked, and uncancelled.  Plaintiff has evidence demonstrating that consumers link this specific orange color with Plaintiff's offerings and that the Registered Trade Dress for Plaintiff's Products is associated with Plaintiff and indicates origin in the minds of consumers.  Examples of authentic products are attached as part of Exhibit 1.

15.     Plaintiff's brand, symbolized by the Registered Trade Dress, is a recognized trademark for Plaintiff's Products.  As detailed below, Plaintiff has been using the Registered Trade Dress for many years in connection with the advertising and sale of the Plaintiff's Product in interstate commerce, including commerce in the State of Illinois and the Northern District of Illinois.

16.     The Registered Trade Dress has been widely promoted, both in the United States and throughout the world.  As indicated earlier, the whole of the consuming public associates Registered Trade Dress with Plaintiff, but also recognize that Plaintiff's Products sold in the United States originates exclusively with Plaintiff.

17.     Plaintiff's Products bearing the Registered Trade Dress are sold throughout the nation online and through brick-and-mortar retail stores such as Home Depot.

18.     Plaintiff maintains quality control standards for all of Plaintiff's products, including those sold under the Registered Trade Dress.

19.   The Registered Trade Dress is a highly visible and distinctive worldwide symbol signifying the Plaintiff made those products and, as a result, Plaintiff's Products bearing the Registered Trade Dress have generated millions of dollars in revenue for Plaintiff over the years. Plaintiff's Registered Trade Dress has become a symbol of excellence, and an expectation of quality uniquely associated with Plaintiff.

20.   The Registered Trade Dress has never been assigned or licensed to Defendant.

21.   The Registered Trade Dress is a symbol of Plaintiff's quality, reputation, and goodwill and has never been abandoned.

22.   Further, Plaintiff has expended substantial time, money, and other resources developing, advertising, marketing, and otherwise promoting the Registered Trade Dress.

23.   Upon information and belief, at all times relevant hereto, Defendant has had full knowledge of Plaintiff's ownership of the Registered Trade Dress, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

24.   Defendant could have chosen any color for its products, but they choose the exact color covered by the Registered Trade Dress which evinces an intent to infringe upon Plaintiff's accumulated goodwill associated with Plaintiff's Products because Defendant knows consumers prefer Plaintiff's products over others.

25.   Plaintiff has identified the Registered Trade Dress on the Infringing Products and felt the impact of the sale of the Infringing Products designed to resemble Plaintiff's official products utilizing the Registered Trade Dress.

26.   The Defendant's use of the Registered Trade Dress on or in connection with the advertising, marketing, distribution, offering for sale, and sale of the Infringing Products

is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

27.     Defendant has manufactured, imported, distributed, offered for sale, and sold Infringing Products using the Registered Trade Dress and continue to do so.

28.     Defendant, without authorization or license from Plaintiff, knowingly and willfully used and continues to use the Registered Trade Dress in connection with the advertisement, offer for sale, and sale of the Infringing Products, through, *inter alia*, the Internet.  The Infringing Products are not genuine products sold by Plaintiff under the Registered Trade Dress.  The Plaintiff did not manufacture, inspect, or package the Infringing Products and did not approve the Infringing Products for sale or distribution.  The Defendant offers shipping to the United States, including Illinois, and has sold Infringing Products into the United States, including Illinois.

29.     Upon information and belief, Defendant will continue to register or acquire listings for the purpose of selling Infringing Products that infringe upon the Registered Trade Dress unless permanently enjoined.

30.     Plaintiff has no adequate remedy at law.

## COUNT ONE
## FEDERAL TRADEMARK COUNTERFEITING AND INFRINGMENT
### (15 U.S.C. § 1114)

31.     The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

32.     The Plaintiff's Registered Trade Dress and the goodwill of the business associated with it in the United States and throughout the world are of great and incalculable value.  The Mark is highly distinctive and has become universally associated in the public mind with

Plaintiff's Product. Consumers associate the Plaintiff's Registered Trade Dress with the Plaintiff as the source of the very highest quality products.

33.     Without the Plaintiff's authorization or consent, and having knowledge of the Plaintiff's well-known and prior rights in the Plaintiff's Registered Trade Dress and the fact that Defendant's Infringing Products are sold using mark identical or confusingly similar to the Plaintiff's Registered Trade Dress, the Defendant manufactured, distributed, offered for sale and/or sold the Infringing Products to the consuming public in direct competition with Plaintiff's sale of genuine Plaintiff's Product, in or affecting interstate commerce.

34.     Defendant's use of copies or approximations of the Plaintiff's Registered Trade Dress in conjunction with Defendant's Infringing Products is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Infringing Products, and is likely to deceive the public into believing the Infringing Products being sold by Defendant originate from, are associated with or are otherwise authorized by the Plaintiff, all to the damage and detriment of the Plaintiff's reputation, goodwill, and sales.

35.     The Plaintiff has no adequate remedy at law and, if Defendant's activities are not enjoined, the Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

## COUNT TWO
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a))

36.     The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

37.     The Infringing Products sold and offered for sale by Defendant are of the same nature

and type as the Plaintiff's products sold and offered for sale by the Plaintiff and, as such, Defendant's use is likely to cause confusion to the general purchasing public.

38.    By misappropriating and using the Plaintiff's Registered Trade Dress, Defendant misrepresents and falsely describes to the general public the origin and source of the Infringing Products and create a likelihood of confusion by consumers as to the source of such merchandise because consumers have been associating the color orange with Plaintiff's authentic drain cleaning augurs.

39.    Defendant's unlawful, unauthorized, and unlicensed manufacture, distribution, offer for sale, and/or sale of the Infringing Products creates express and implied misrepresentations that the Infringing Products were created, authorized or approved by the Plaintiff, all to Defendant's profit and to the Plaintiff's great damage and injury.

40.    Defendant's aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendants' use of the Plaintiff's Registered Trade Dress in connection with their goods in interstate commerce, constitutes a false designation of origin and unfair competition.

41.    The Plaintiff has no adequate remedy at law and, if the Defendant's activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to their goodwill and reputation.

## COUNT THREE
## ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES
### (815 ILCS 510)

42.    The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

43.    The Infringing Products sold and offered for sale by Defendant are of the same nature

and type as the Plaintiff's products sold and offered for sale by the Plaintiff and, as such, Defendant's use of the Registered Trade Dress is likely to cause confusion to the general purchasing public.

44.     By misappropriating and using the Plaintiff's Registered Trade Dress, Defendant misrepresents and falsely describes to the general public the origin and source of the Infringing Products and create a likelihood of confusion by consumers as to the source of such merchandise.

45.     Defendant's unlawful, unauthorized and unlicensed manufacture, distribution, offer for sale and/or sale of the Infringing Products creates express and implied misrepresentations that the Infringing Products were created, authorized or approved by the Plaintiff, all to the Defendant's profit and to the Plaintiff's great damage and injury.

46.     Defendant's aforesaid acts are in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2 et seq., in that Defendant's use of the Plaintiff's Registered Trade Dress in connection with their goods in interstate commerce, constitutes a false designation of origin and unfair competition.

47.     Plaintiff has no adequate remedy at law and, if the Defendant's activities are not enjoined, the Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against Defendant and in favor of the Plaintiff on all counts as follows:

1.      That Defendant, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons in active concert with them be temporarily, preliminarily and

permanently enjoined and restrained from:

(i)     using the Plaintiff's Registered Trade Dress or any reproduction, counterfeit, copy or colorable imitation of the Plaintiff's Registered Trade Dress in connection with the distribution, advertising, offer for sale and/or sale of merchandise not the genuine products of the Plaintiff; and

(ii)    passing off, inducing or enabling others to sell or pass off any Infringing Products as genuine products made and/or sold by the Plaintiff; and

(iii)   committing any acts calculated to cause consumers to believe that Defendant's Infringing Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

(iv)    further infringing the Plaintiff's Registered Trade Dress and damaging Plaintiff's goodwill;

(v)     competing unfairly with Plaintiff in any manner;

(vi)    shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and that bear the Registered Trade Dress or any reproductions, counterfeit copies, or colorable imitations thereof;

(vii)   using, linking to, transferring, selling, exercising control over, or otherwise owning or operating the Amazon stores, listings, or any other domain name that is being used to sell or is the means by which Defendant could continue to sell Infringing Products;

(viii)  operating and/or hosting websites at the Amazon stores and any other domain names registered or operated by Defendant that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Plaintiff's Registered Trade Dress or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine product or not authorized by Plaintiff to be sold in connection with the Plaintiff's Registered Trade Dress;

(ix)  registering any additional domain names that use or incorporate any of the Plaintiff's Registered Trade Dress; and,

(x)  possessing any product bearing the Plaintiff's Registered Trade Dress or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine product or not authorized by Plaintiff to be sold in connection with the Plaintiff's Registered Trade Dress. As part of compliance with this provision, we ask that Defendant or those who possess Defendant's infringing goods, segregate and destroy infringing goods.

2.  That Defendant, within ten days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon the Plaintiff's a written report under oath setting forth in detail the manner in which Defendant has complied with any and all injunctive relief ordered by this Court.

3.  Entry of an order that, upon Plaintiff's request, those in privity with Defendant and those with notice of the injunction, including any Internet search engines, Webstore hosts or their administrators that are provided with notice of the injunction, cease facilitating access to any or all webstores through which Defendant engages in the sale of Infringing Products using the Plaintiff's Registered Trade Dress;

4.      That Defendant accounts for and pays over to Plaintiff any and all profits realized by

Defendant by reason of Defendant's unlawful acts herein alleged, and that the amount of

damages for infringement of the Registered Trade Dress be increased by a sum not exceeding

three times the amount thereof as provided by law as provided by 15 U.S.C. § 1117;

5.      That Plaintiff be awarded its reasonable attorneys' fees and costs; and,

6.      Grant Plaintiff such other and further legal relief as may be just and proper.


Respectfully Submitted,


Dated: January 28, 2026

By:    /s/ Rishi Nair
Rishi Nair
ARDC # 6305871
Keener and Associates, P.C.
33 N. Dearborn Street, Suite 1000
Chicago, IL 60602
(312) 375-1573
rishi.nair@keenerlegal.com